MOUNT *v.* THE STATE, 7 Smedes & Marshall, 277.

### PERMITTING UNLAWFUL GAMING.

Where a party is indicted and tried for suffering a faro bank to be exhibited in the house occupied by him, it is not error to refuse to instruct the jury, "that if the defendant had let the rooms in his house in which the exhibition of the faro bank took place, to certain persons, and that at the time when he let them, he had no knowledge or expectation that they would be used for that purpose, they must find for the defendant."

The tenants of the accused, so renting the rooms or tenements from him, were equally subject to indictment and punishment under the statute.

Error to the circuit court of Hinds county.

On the trial, Robert Brown testified on the part of the state, that he saw faro-dealing in three rooms of the Eagle Hotel, in Jackson, kept by the defendant, during the previous winter, while the legislature was in session; saw the dealing both day and night, but did not see defendant in either of the rooms or about when the dealing took place. Charles W. Hart testified, that he saw the faro dealt in that hotel, both up stairs and down stairs, at the same period of time spoken of by the foregoing witness; no guard was kept about the room, which seemed to be accessible to any one wishing to enter; did not see defendant in either of the rooms or about when the dealing took place but once, when a negro, belonging to the establishment, was in the room, and was called out by the defendant who came near the door but did not enter. It was not proved by any witness that defendant was in the rooms, or knew of the dealing.

It was proved that defendant had leased the rooms to the occupants for a month, at $150 per month, and during which time the dealing took place. The defendant asked the court to instruct the jury, "that before they could find the defendant guilty, it must have been proved to them that he knew of the unlawful gaming in his hotel," which was given, with the addition "that the jury were authorized to infer such knowledge from circumstances which would authorize the inference."

Defendant then asked the court to instruct the jury, "that, if they believed from the evidence that the defendant rented the rooms in which the exhibition took place, and that during that tenancy the exhibition occurred; and that he rented the rooms

in good faith, without any knowledge or expectation that they would be used for the exhibition of a faro bank, he was not responsible for their exhibition during the continuance of such tenancy." This instruction the court refused to give, and exceptions were taken.

*Howard & Foote*, for plaintiff in error.

*John D. Freeman*, attorney general.

THACHER, J.:

This was an indictment against the plaintiff in error, for knowingly suffering a gaming table, called a faro bank, to be exhibited in the house occupied by him.

The court below declined to instruct the jury to the effect that, if the accused had let the rooms of his house, in which the exhibition of the faro bank is proved to have taken place, to certain persons, and that at the time when he let them, he had no knowledge or expectation that they would be used for the purpose of such an exhibition, the jury must find for the defendant.

This charge, we think, was properly refused, for, if the accused, after he had let the rooms in good faith and without any knowledge of the unlawful purposes for which they would be used, knowingly permitted them to be occupied and improved for such an exhibition, he would still be answerable under the statute.[1] The tenants of the accused would be equally subject to the statute. Regina v. Pierson, 2 Ld. Raym., 1197.

In the other respects of this case the evidence seems to warrant the finding of the jury, and upon close examination the remaining assignments of error are not found to embrace any thing that would warrant a reversal of the judgment.

Judgment affirmed.

[1] See 2 Archbold Cr. Pr. & Pl., 1013, note.