### JOHN DIEBEL *v.* THE STATE.

PERMITTING GAMING ON PREMISES.  " *Lessee or occupant.*"   *Code* 1880, § 2848.

One who has sub-leased to another certain rooms and parted with all possession and control over them cannot be punished as the " lessee or occupant" thereof if his sub-lessee, though with his knowledge, permits gaming to be carried on therein in violation of § 2848, code 1880.

FROM the circuit court of Adams county.

HON. W. P. CASSEDY, Judge.

Appellant, Diebel, has been convicted upon an indictment charging him under § 2848, code 1880, as the lessee and occupant of a certain building, with knowingly permitting gaming therein. The evidence showed that appellant leased from one Schwartz a two-story business house in the city of Natchez for a term of years; that he used the lower story himself for a saloon and sub-leased to one Griffin the upper story, assigning to him the remainder of his term in it. The two stories of the building were disconnected, the

access to the upper story being by means of an alley and stairway in the rear of the building. Persons going to the upper story frequently passed through the saloon and out at the back door ; but it was not necessary to do this, as the alley remained open and allowed access to the upper story, whether the saloon was open or closed. It was shown that while Griffin was thus in possession of the second story it was freely used and frequented as a place for gaming. There was some evidence tending to show that Diebel knew the use to which Griffin was putting the second floor, and the question is thus presented whether Diebel is the lessee and occupant of the second story, and liable to indictment under the statute above referred to, the language of which is as follows :—

"§ 2848. Any owner, lessee or occupant of any out-house or other building who shall knowingly permit or suffer any of the before-mentioned tables, banks or games or any other game prohibited by law to be carried on or exhibited in his said house, out-house or other building or on his lot or premises, being thereof convicted, shall pay a fine of not less than one hundred dollars nor more than two thousand dollars."

The court instructed the jury for the state that if appellant knowingly allowed Griffin to run a gambling room in said building, it must convict. The defendant was convicted and fined $250, and after motion for new trial overruled, has appealed.

*F. K. Winchester*, for appellant.

It was shown conclusively that Diebel was neither the lessee nor occupant of second story. The statute never contemplated such far-reaching consequences as making one liable under such circumstances. He did not have control of the rooms and was powerless to prevent or permit the gaming. I submit that. the instruction given by the state was erroneous and the conviction improper.

*James G. Leach*, on the same side.

It was necessary for the state to show that appellant was lessee and occupant of the rooms and that he knowingly permitted the gaming. The evidence fails to establish either of these necessary allegations. The second story was entirely disconnected from the

first story, used by appellant.   The instruction announces an erroneous rule of liability, and submits to the jury whether appellant knowingly permitted the gaming when there was no evidence of such knowledge.

*T. M. Miller*, attorney-general, for state.

CAMPBELL, C. J., delivered the opinion of the court.

In *Mount* v. *The State*, 7 S. & M. 277, it appeared that the defendant was the keeper of a hotel and had leased rooms to gamblers who carried on their gaming in these rooms under circumstances justifying the belief that he knew of it, and he was held properly convicted under § 12, p. 944, Hutch. code, then in force, and nearly the same as § 2848 of our present code.

But the facts of this case are widely different from those in the case before us for decision.   This defendant was not owner, lessee or occupant, in the meaning of the law, of the building in which the gaming was carried on.   He had *assigned* the term as to the upper story, and had no connection with it or control over it, and could not be held to be guilty under § 2848.

The case cited in the opinion, in *Mount* v. *State*, shows that the controlling reason for holding Mount guilty was his knowingly permitting rooms in his hotel, over which he had control as landlord, to be used for a time in violation of law.

*Reversed and remanded.*